# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HARRISON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HILL, et. al.,<br><br>　　　　　　Defendants.<br>_____/ | CV F   06-313-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR INJUNCTION<br><br>(Doc.7.) |

　　　James D. Harrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed the instant action on March 23, 2006. On May 1, 2006, Plaintiff filed a Motion for an injunction to stop any future transfer of him to another institution.

　　　"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if

the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972).

At this juncture, the Court has yet to screen Plaintiff's Complaint to determine whether it can proceed. The Court is required to screen the complaints to ensure that it states a cognizable claim for relief. Thus, at this time, Plaintiff is not entitled to any type of preliminary injunction, as the Court lacks jurisdiction to issue any such orders. Further, Plaintiff is informed that prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for preliminary injunctive relief, filed May 1, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **THIRTY (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 7, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE