UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HARRISON, | 1:06-cv-00313-OWW-GSA-(PC) |
| Plaintiff, | ORDER FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT WITHIN THIRTY DAYS |
| vs. | ORDER DIRECTING CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| HILL, et. al., | ORDER DIRECTING CLERK TO SEND COPY OF COMPLAINT TO PLAINTIFF |
| Defendants. | (Doc. 1, Attachment 1) |

/

James D. Harrison ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on February 9, 2006, at the United States District Court for the Northern District of California. The case was transferred to the Eastern District of California on March 9, 2006, and received in this division on March 23, 2006.

Plaintiff's complaint is a forty-two-page document, consisting of three (3) parts all together in the following order: (1) a form § 1983 complaint, (2) a form petition for writ of habeas corpus, and (3) a handwritten complaint. (Court Doc. 1.) The complaint was transferred in this form to this

1

court as a civil rights action.[1]

This court has reviewed plaintiff's form petition for writ of habeas corpus to determine whether it is a separate habeas corpus action which should be considered apart from the complaint. A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, challenges to the *conditions of prison life* are properly brought under 42 U.S.C. § 1983. See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the petition, plaintiff briefly alleges "assault and battery/42 U.S.C. § 1983 " and states that "petitioner does not challenge his conviction or sentence in these proceedings." (Court Doc. 1 at p 5.) Indeed, plaintiff only challenges conditions of confinement in the petition, and not his sentence or conviction. Therefore, the court finds that plaintiff's petition for writ of habeas corpus is not a separate habeas corpus action to be considered apart from the complaint.

This court has also reviewed the complaint to determine whether it should be amended. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to provide notice to the defendants of the nature of the claim, the facts that support the claim and the relief sought. Rule 8(a), Fed.R.Civ.P. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests). Plaintiff's three-part complaint, consisting of a petition for writ of habeas corpus sandwiched between two complaints, cannot be

---

[1] By order filed March 9, 2006, the Honorable Susan Illston, described the action as a civil rights complaint under 42 U.S.C. § 1983. (Transfer Order, see Court Doc. 1) Judge Illston further ordered that the action be transferred to the Eastern District of California ,on the grounds that plaintiff complains of acts and omissions occurring at the California Substance Abuse Treatment Facility. (Id.)

described as a short and plain statement that states the elements of the claims plainly and succinctly. In order to fairly give notice to defendants, the court deems that plaintiff must file an amended complaint using the appropriate complaint form, clarifying the claims he wishes to bring.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after February 9, 2006. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 9, 2006.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Within twenty (30) days from the date of service of this order, plaintiff shall file a First Amended Complaint using the appropriate complaint form, demonstrating proper grounds for relief ;

2. The Clerk of the Court shall send to plaintiff:
   (1) one civil rights complaint form, and

        (2)    a copy of the original complaint filed on February 9, 2006; and

3.    Plaintiff is warned that the failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **October 29, 2007**                                **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE