UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HARRISON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HILL, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | 1:06-cv-00313-OWW-GSA-P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION ORDERS (Docs. 25, 28)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. 26)<br><br>THIRTY DAY DEADLINE |

　　　Plaintiff, James D. Harrison ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On December 18, 2007 and March 7, 2008, the Magistrate Judge filed Findings and Recommendations orders to dismiss this action for plaintiff's failure to file an amended complaint pursuant to the court's order of October 29, 2007.  The Findings and Recommendations were served on plaintiff and contained notice to plaintiff that any Objections to the Findings and Recommendation were to be filed within thirty (30) days.  On January 14, 2008, plaintiff filed a motion for leave to file an amended complaint.  In light of the fact that the Findings and Recommendation recommended dismissal of the action due to plaintiff's failure to

1

file an amended complaint, the court shall vacate the Findings and Recommendations orders and consider plaintiff's motion for leave to amend the complaint.

The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). On the other hand, "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  In this case, the court has already given plaintiff an opportunity to amend his complaint by its order of October 27, 2007, and plaintiff failed to obey the order.  However, plaintiff has indicated that he wishes to pursue this action and has requested another opportunity to amend the complaint.  "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  Therefore, in the interest of justice, the court shall grant plaintiff's motion to amend the complaint.

Plaintiff is reminded that he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also reminded that although he has been given another opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after February 9, 2006.  Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 9, 2006.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations orders, filed December 18, 2007 and March 7, 2008, are VACATED;

2

2. Plaintiff's motion to amend the complaint is GRANTED;

3. Plaintiff shall file an amended complaint within thirty days of the date of service of this order; and

4. Failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **April 23, 2008**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

3